United States Bankruptcy Court
Eastern District of Pennsylvania

In re:  
Aleksandr Zaks  
Gelena Zaks  
    Debtors

Case No. 14-12022-amc  
Chapter 13

# CERTIFICATE OF NOTICE

District/off: 0313-2      User: DonnaR      Page 1 of 1      Date Rcvd: May 24, 2017  
                         Form ID: pdf900     Total Noticed: 1

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on May 26, 2017.  
db/jdb        +Aleksandr Zaks,   Gelena Zaks,   506 Stevens Road,   Morrisville, PA 19067-3802

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.  
NONE.      TOTAL: 0

       ***** BYPASSED RECIPIENTS *****  
NONE.      TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.  
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: May 26, 2017                          Signature:  /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on May 24, 2017 at the address(es) listed below:

         ANDREW F GORNALL    on behalf of Creditor    JPMORGAN CHASE BANK, N.A. agornall@kmllawgroup.com, bkgroup@kmllawgroup.com  
         BRIAN CRAIG NICHOLAS    on behalf of Creditor    JPMORGAN CHASE BANK, N.A. bnicholas@kmllawgroup.com, bkgroup@kmllawgroup.com  
         JACK K. MILLER    on behalf of Trustee WILLIAM C. MILLER, Esq. philaecf@gmail.com, ecfemails@ph13trustee.com  
         JOSHUA ISAAC GOLDMAN    on behalf of Creditor    JPMORGAN CHASE BANK, N.A. bkgroup@kmllawgroup.com, bkgroup@kmllawgroup.com  
         MATTEO SAMUEL WEINER    on behalf of Creditor    JPMORGAN CHASE BANK, N.A. bkgroup@kmllawgroup.com  
         THOMAS I. PULEO    on behalf of Creditor    JPMORGAN CHASE BANK, N.A. tpuleo@kmllawgroup.com, bkgroup@kmllawgroup.com  
         THOMAS R. WASKOM    on behalf of Creditor    RBS CITIZENS N.A. kbell@hunton.com  
         TOVA WEISS    on behalf of Debtor Aleksandr Zaks weiss@lawyersbw.com  
         TOVA WEISS    on behalf of Joint Debtor Gelena Zaks weiss@lawyersbw.com  
         United States Trustee    USTPRegion03.PH.ECF@usdoj.gov  
         WILLIAM C. MILLER    on behalf of Trustee WILLIAM C. MILLER, Esq. ecfemails@ph13trustee.com, philaecf@gmail.com  
         WILLIAM C. MILLER, Esq.    ecfemails@ph13trustee.com, philaecf@gmail.com

                                                                        TOTAL: 12

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Aleksandr Zaks | | CHAPTER 13 |
| Gelena Zaks | Debtors | |
| | | |
| JPMorgan Chase Bank, N.A. | Movant | |
| vs. | | NO. 14-12022 AMC |
| | | |
| Aleksandr Zaks | | |
| Gelena Zaks | Debtors | |
| | | 11 U.S.C. Section 362 |
| William C. Miller | Trustee | |

### STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. The post-petition arrearage on the mortgage held by Movant on Debtors' residence as of April 30, 2017 is **$4,368.57,** which breaks down as follows;

| | |
|---|---|
| Post-Petition Payments: | February 2017 through April 2017 at $1,960.51/month |
| Less Suspense Balance: | ($1,512.96) |
| **Total Post-Petition Arrears** | **$4,368.57** |

2. Debtors agree to the make the following payments to resolve the motion for relief;

a). Debtors shall cure the aforesaid arrearages in the following manner: Beginning May 2017 and continuing through January 2018, until the arrearages are cured, Debtors shall pay the present regular monthly payment of **$1,960.51** on the mortgage (or as adjusted pursuant to the terms of the mortgage) on or before the first (1st) day of each month (with late charges being assessed after the 15th of the month), plus an installment payment of **$485.40** for each of the months of May 2017 through December 2017 and an installment payment of **$485.37** for the month of January 2018 towards the arrearages on or before the last day of each month to Movant at the address below;

JPMorgan Chase Bank, N.A.
3415 Vision Drive, Mail Code: OH4-7142
Columbus, OH 43219

b). Debtors shall maintain contractual monthly mortgage payments to Movant thereafter.

3. Should Debtors provide sufficient proof of payments made but not credited (front & back copies of cancelled checks and/or money orders), Movant shall adjust the account accordingly.

4. In the event the payments under Section 2 above are not tendered pursuant to the terms of this stipulation, Movant may notify Debtors and Debtors' attorney of the default in writing and Debtors may cure said default within FIFTEEN (15) days of the date of said notice. If Debtors should fail to cure the default within fifteen (15) days, Movant may file a Certification of Default with the Court and the Court shall enter an Order granting Movant immediate relief from the automatic stay, waiving the Stay provided by Bankruptcy Rule 4001(a)(3), which the parties hereby agree to waive.

5. The stay provided by Bankruptcy Rule 4001(a)(3) is waived with respect to any Court Order approving of this Stipulation and/or the terms agreed upon herein.

6. If the case is converted to Chapter 7, Movant may file a Certification of Default with the court and the court shall enter an order granting Movant relief from the automatic stay.

7. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

8. The provisions of this stipulation do not constitute a waiver by Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

9. The parties agree that a facsimile signature shall be considered an original signature.

Date: May 4, 2017        By:    /s/ Matteo S. Weiner, Esquire
                                Matteo S. Weiner, Esquire
                                KML Law Group, P.C.
                                Main Number: (215) 627-1322
                                Attorneys for Movant

Date: 5/19/2017

Tova Weiss, Esquire
Attorney for Debtors

Date: 5-22-17

William C. Miller    JACKMILLER
Chapter 13 Trustee

Approved by the Court this 23rd day of May, 2017. However, the court retains discretion regarding entry of any further order.

_____
United States Bankruptcy Judge
Ashely M. Chan