# GOLDBERG SEGALLA LLP

Dustin W. Osborne | Associate
Direct 716.844.3429 | dosborne@goldbergsegalla.com

May 29, 2019

VIA EMAIL & REGULAR MAIL:
Dmilch@wrslaw.com

Wingate Russotti Shapiro & Halperin
420 Lexington Avenue
Suite 2750
New York, NY 10170

   Re: Alexander Zaks v. R&S United Services, Inc.
     Carrier # ALNL0711
     WCB Case # G1524794
     Date of Accident: 01/19/2016
     GS File # 20096.0120

Dear Mr. Milch:

  As attorneys for the employer, R&S United Services, Inc., and the insurance carrier, Insurance Company of Pennsylvania (hereinafter collectively, the "Carrier"), we have been authorized to provide consent for the **$140,000** gross settlement in connection with the above referenced claimant's third party action under the following terms and conditions:

  1. As of May 29, 2019, the Carrier has paid **$19,848.75** in lost wages and **$34,778.79** in medical benefits for a total lien of **$54,627.54**. The Carrier would normally be entitled to recover two-thirds of the existing lien; however, as part of the conditional settlement consent and in an effort to facilitate this third party action, the Carrier agrees to waive the existing lien as it pertains to the above-referenced third-party settlement. Carrier reserves its right to assert a request for additional reimbursement against any and all potential future third-party recoveries arising out of this matter.

  2. The Carrier will retain a credit/offset against the entire proceeds of the net settlement paid to the claimant after the disbursement of attorney's fees and costs. *Brisson v. County of Onondaga*, 6 N.Y. 3d. 273 811 N.Y.S.2d 312 (2006). In recognition of the **33%** cost of litigation, the Carrier's credit will be applied in accordance with WCL §29(4) and *Burns v. Varriale*, 9 N.Y.3d 207 (2007), with the Carrier paying for **33%** of ongoing causally related medical and indemnity liabilities for prior unpaid or later modified, present or future, medical and indemnity workers' compensation awards and benefits until credit/offset is fully exhausted.

  3. Pursuant to *Williams v. Lloyd Gunther Elevator Services, Inc.*, 117 A.D.3d 1308 (2015), the Carrier can immediately cease all payment of workers' compensation benefits, including medical and indemnity payments, and begin utilizing the credit/offset as of the date consent is executed.

665 Main Street | Buffalo, NY 14203-1425 | 716.566.5400 | Fax 716.566.5401 | www.GoldbergSegalla.com
NEW YORK | ILLINOIS | FLORIDA | CALIFORNIA | MARYLAND | MISSOURI | NORTH CAROLINA | PENNSYLVANIA | NEW JERSEY | CONNECTICUT | UNITED KINGDOM

22233465.v1

*Exhibit "A"*

May 29, 2019
Page 2

4. No part of the third party settlement is deemed allocated to a derivative claim for the purposes of an offset pursuant to the Workers' Compensation Law.

Settlement of the third-party action and the disbursement of the settlement funds represents acceptance of the specified settlement terms and conditions outlined in paragraph "1" through "4" above. By signing below, each party affirms that (s)he has read and understands the specified settlement terms and conditions outlined in paragraph "1" through "4" above. At your earliest convenience, please return a signed copy of this letter to both the Carrier and the undersigned.

New York State Workers' Compensation Law mandates that you provide a copy of the Closing Statement that shows the net recovery received the claimant. The carrier's conditional consent to this settlement shall not be final until all relevant information is received. Any modifications or adjustments to this settlement without the prior written approval of the carrier shall void this conditional consent.

_____    _____
CLAIMANT (Signature)                                  DATE

_____    _____
CLAIMANT'S COUNSEL (Signature)                        DATE

Very truly yours,

*Dustin W. Osborne*

Dustin W. Osborne

22233465.v1